IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES KERR,<br><br>              Plaintiff,<br>    v.<br><br>BOROUGH OF PETERSBURG, *et al.*,<br><br>              Defendants. | Case No. 1:23-cv-00008-SLG |

### ORDER RE TWO PENDING MOTIONS

Before the Court are two pending motions:

At Docket 24 is Plaintiff's Motion to Compel Production of Documents or, Alternatively, for In Camera Review. Defendants responded in opposition to the motion at Docket 28 to which Plaintiff replied at Docket 29.

At Docket 27 is Defendants' Motion to Compel Plaintiff to Provide Complete Discovery Responses. Plaintiff responded in opposition to the motion at Docket 30 to which Defendants replied at Docket 31.

**Plaintiff's Motion to Compel**

Most of the discovery initially sought by this motion has since been provided.[1] All that remains outstanding now are (1) whether the Court should order production of the *Kerr* privilege log, or alternatively, undertake an *in camera* review

---

[1] See Docket 29 at 1-2.

of those documents; and (2) whether Plaintiff is entitled to an award of reasonable attorney's fees for having to file the motion to compel.

The Court finds that *in camera* review of the documents identified in the *Kerr* privilege log is warranted. Given that the Superior Court determined that the vast majority of the documents withheld in the *Koenigs* case were discoverable and that held that the asserted privileges were inapplicable, this Court's review of the withheld documents in this litigation is likewise warranted. Defendants' assertion that Plaintiff failed to confer about his concerns with the *Kerr* privilege log is not persuasive; rather, the Court agrees with Plaintiff's assertion that the extensive and unsuccessful conferrals about the *Koenigs* log sufficed for purposes of the conferral requirement. The Court further finds that Plaintiff is entitled to his reasonable fees and costs incurred in the filing of this motion and may make application to the Court within seven days of the date of this order, to which Defendants may respond within 7 days thereafter. No reply shall be filed unless requested by the Court. Defendant shall submit to the Court the documents identified in the *Kerr* privilege log for *in camera* review within 7 days of the date of this order.

**Defendants' Motion to Compel**

1. Interrogatory No. 1. This Interrogatory asks Plaintiff to identify the date he first had contact with Northern Justice Project, LLC. Plaintiff objects on the basis of relevance, and notes that Plaintiff has acknowledged that

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order on Two Pending Motions
Page 2 of 5
Case 1:23-cv-00008-SLG   Document 45   Filed 08/28/24   Page 2 of 5

he had consulted with a different attorney about this case before contacting Northern Justice. The Court agrees with Plaintiff that in these circumstances, the relevance of the date of Plaintiff's initial contact with his current counsel is not relevant to the claims and defenses in this litigation. Therefore, the motion is DENIED as to this interrogatory.

2. Interrogatory No. 2 and Request for Admission No. 10

These discovery requests seek information on whether Plaintiff is receiving financial assistance from a third party for the payment of attorney's fees in this case. Plaintiff objects to these requests as irrelevant and outside the scope of discovery allowed under Rule 26. The Court finds that it would be relevant information if a witness testifying in this case was providing financial assistance to Plaintiff, and therefore GRANTS this portion of the motion to compel solely as to the identification of any such witnesses, on either Plaintiff's or Defendants' witness list, and orders a response on that one topic within 7 days of the date of this order. But the Court rejects Defendants' request for the disclosure of all third party litigation funders as not relevant to proving the claims or defenses in this case; the Court agrees with the line of cases Plaintiff cited holding that such requests before trial are premature where those requests would not produce evidence relating to the substantive

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order on Two Pending Motions
Page 3 of 5
Case 1:23-cv-00008-SLG   Document 45   Filed 08/28/24   Page 3 of 5

claims or defenses.[2] However, this order does not preclude Defendants from seeking by motion *in limine* to restrict any *David and Goliath* arguments of counsel at trial.[3]

3. Requests for Production Nos. 3 and 7

    These requests seek production of Plaintiff's communication with a non-party, Don Koenigs, about this lawsuit and/or the *Koenigs* lawsuit. Plaintiff's sole objection is relevance. The *Koenigs* litigation is closely related to this litigation, as Mr. Koenigs sought the disclosure of a variety of documents relevant to the claims and factual allegations raised in this case. Plaintiff responds that Mr. Koenigs "is merely a Petersburg resident" who made a public records request and was "simply exercising [the] fundamental right [of] a citizen to access government records."[4] The Court finds that Plaintiff's communications with Mr. Koenigs, both about this case and the related public records case, could well contain relevant information related to Plaintiffs' assessment of his claims and the defenses, as well as information as to his damages. As such, the portion of the motion is GRANTED and any such communications between these two litigants is relevant in this action and shall be produced within 7 days

---

[2] *See* Docket 30 at 7, n. 25 and n. 26 (listing cases).

[3] *See, e.g., Mason v. Professional Transportation, Inc.,* 2020 WL 7043554, at *2 (D. Montana, Dec. 1, 2020).

[4] Docket 30 at 9.

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order on Two Pending Motions
Page 4 of 5
Case 1:23-cv-00008-SLG   Document 45   Filed 08/28/24   Page 4 of 5

of the date of this order.

The Court further finds that Defendants, having been partially successful on their motion, are entitled to 50% of their reasonable fees and costs incurred in the filing of this motion and may make application to the Court within seven days of the date of this order, to which Plaintiff may respond within seven days thereafter. No reply shall be filed unless requested by the Court.

DATED this 27th day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order on Two Pending Motions
Page 5 of 5
Case 1:23-cv-00008-SLG   Document 45   Filed 08/28/24   Page 5 of 5