IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JAMES KERR,

        Plaintiff,

  v.

BOROUGH OF PETERSBURG, *et al.*,

        Defendants.

Case No. 1:23-cv-00008-SLG

## ORDER RE PENDING MOTIONS[1]

Pending before the Court are a number of motions related to discovery.

- At Docket 46 is Defendants Borough of Petersburg and Stephen Giesbrecht's Motion for Award of Reasonable Fees Incurred in Filing Motion to Compel Plaintiff's Continued Deposition. Plaintiff James Kerr responded in partial opposition at Docket 54.

- At Docket 48 is Defendants' Motion for Award of Reasonable Fees Incurred in Filing Motion to Compel Plaintiff to Provide Complete Discovery Responses. Mr. Kerr did not file a response.

- At Docket 49 is Mr. Kerr's Motion for Attorney's Fees and Costs. Defendants responded in partial opposition at Docket 55.

---

[1] Also pending is the Court's order regarding the *in camera* materials submitted by Defendants from the *Kerr* privilege log. *See* Docket 45 at 2. The Court intends to address these materials by separate order.

- At Docket 51 is Mr. Kerr's Expedited Motion to Compel Deposition Answers. Defendants responded in opposition at Docket 56 and request that the Court award them fees for Mr. Kerr's failure to confer in good faith before filing the motion.

- At Docket 57 is Mr. Kerr's Motion for Further Extension of Time Pursuant to FRCP 56(d).

- At Docket 58 is Mr. Kerr's corresponding Motion to Extend Discovery Deadline. Defendants responded in opposition at Dockets 72 and 66 respectively. Mr. Kerr replied to the opposition to the Motion to Extend Discovery at Docket 71. Sara Heideman joined Defendants' opposition to both motions at Docket 73.

- At Docket 62, Sara Heideman filed an Expedited Motion to Strike Borough Attorney Sara Heideman from Witness List and Motion to Quash Subpoena. Defendants joined this motion at Docket 65. Mr. Kerr responded in opposition at Docket 68 and Ms. Heideman replied at Docket 70.

- At Docket 76, Defendants filed a Motion to File Overlength Motion for Summary Judgment. Mr. Kerr responded in opposition at Docket 78 and Defendants replied at Docket 79.

## LEGAL STANDARDS

## I. Compelling Discovery and Reasonable Fees

Federal Rule of Civil Procedure 30 provides for the deposition of parties and witnesses. If "a deponent fails to answer a question asked under Rule 30," the other party may move under Rule 37 for an order compelling an answer after completing or adjourning the deposition.[2] The party that resists discovery has the burden to show why the discovery request should be denied.[3] However, a motion for an order compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[4]

When a motion to compel is granted, Rule 37(a)(5)(A) provides that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, a court must not order payment if "the opposing party's nondisclosure, response, or objection was substantially justified" or if "other circumstances make an award of expenses unjust."[5] And when a

---

[2] Fed. R. Civ. P. 37(a)(3)(B) & (C).

[3] *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

[4] Fed. R. Civ. P. 37(a)(1).

[5] Fed. R. Civ. P. 37(a)(5)(A).

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order re Pending Motions
Page 3 of 14
Case 1:23-cv-00008-SLG    Document 81    Filed 10/28/24    Page 3 of 14

motion to compel is denied, Rule 37(a)(5)(B) provides that the court must order the moving party "to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion," unless the "motion was substantially justified or other circumstances make an award of expenses unjust."

## II. Rule 56(d) Extensions of Time

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." To obtain a continuance for further discovery, the nonmovant must demonstrate that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."[6]

## DISCUSSION

### I. Defendants' Motion for Award of Reasonable Fees Incurred in Filing Motion to Compel Plaintiff's Continued Deposition

Defendants move for an award of attorney fee's in the amount of $8,855, which they incurred in filing a successful motion to compel Mr. Kerr's continued deposition.[7] The Court previously granted Defendants' Motion to Compel

---

[6] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

[7] Docket 46.

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order re Pending Motions
Page 4 of 14
Case 1:23-cv-00008-SLG   Document 81   Filed 10/28/24   Page 4 of 14

Plaintiff's Continued Deposition and found "that Defendants are entitled to recover their reasonable expenses incurred in filing this motion, including attorney's fees, pursuant to Fed. R. Civ. P. 30(d)(2)."[8] Mr. Kerr asserts that the amount Defendants request is not reasonable as they have failed to provide any support for the prevailing rate of fees and billed an excessive amount of attorney time for a straightforward motion to compel.[9]

The Court finds that Defendants' attorneys' hourly rates between $250 and $300 are reasonable for the Anchorage legal community. Indeed, they are commensurate with the hourly rates of Plaintiff's counsel.[10] But the Court agrees with Plaintiff that the attorney time spent on the motion to compel and reply is excessive. Upon review, the Court finds that no more than a total of 20 hours of attorney time for the motion and reply is reasonable. At $275 per hour, that equates to an award of **$5,500** and the motion at Docket 46 is GRANTED to that extent. This amount shall be paid from Plaintiff to Defendants as a debit or credit in the final judgment entered in this action.

---

[8] Docket 44 at 3.

[9] Docket 54 at 1–4.

[10] See Docket 48-1 (indicating that some of Plaintiff's attorney time was billed at between $275 and $300 per hour); Docket 50 at ¶¶ 4–5 (stating Attorney Dudukgian's billing rate is $375 per hour).

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order re Pending Motions
Page 5 of 14
Case 1:23-cv-00008-SLG    Document 81    Filed 10/28/24    Page 5 of 14

## II. Defendants' Motion for Award of Reasonable Fees Incurred in Filing Motion to Compel Plaintiff to Provide Complete Discovery Responses

Defendants also move for an award of 50% of the attorney fee's—an amount of $3,750—that they incurred in filing a motion to compel complete discovery responses, which the Court granted in part and denied in part at Docket 45.[11] Mr. Kerr did not file a response to this motion. In the prior order, the Court found "that Defendants, having been partially successful on their motion, are entitled to 50% of their reasonable fees and costs incurred in the filing of this motion. . . ."[12]

Good cause being shown, the motion at Docket 48 is GRANTED and Defendants are awarded **$3,750** as their attorney's fees reasonably incurred for this motion practice. This amount shall be paid from Plaintiff to Defendants as a debit or credit in the final judgment entered in this action.

## III. Mr. Kerr's Motion for Attorney's Fees and Costs

Mr. Kerr moves for an award of attorney's fees and costs in the amount of $6,635.37, which he incurred in filing his own discovery motion at Docket 24 and reply at Docket 29.[13] Defendants partially oppose and assert that the Court should make an across-the-board reduction of any fee award because Plaintiff's counsel charged an excessive hourly rate, which exceeds $350 per hour.[14] Defendants

---

[11] Docket 48.

[12] Docket 45 at 4.

[13] Docket 49.

[14] Docket 55 at 2–3. In the *Seward Property* case cited by Defendants, the prevailing party's highest hourly rate sought was $350 per hour, which the Court found there to "push the limits of

also seek to exclude fees for an entry on June 11, 2024 unrelated to the preparation of the motion and for attorney time billed to simple tasks that would ordinarily be assigned to staff.[15]

Overall, the Court finds the amount of time spent and the hourly rate charged to be reasonable for this motion practice. And the entry for June 11, 2024, is sufficiently related to the ensuing motion practice. Accordingly, the motion at Docket 49 is GRANTED. The sum of **$6,635.37** shall be paid from Defendants to Plaintiff as a debit or credit in the final judgment entered in this action.

## IV. Mr. Kerr's Motion to Compel Deposition Answers

Mr. Kerr moves under Federal Rule of Civil Procedure 37 for an order compelling Defendant Stephen Giesbrecht to answer deposition questions concerning the authorship of a press release that Mr. Giesbrecht refused to answer on privilege grounds.[16] Plaintiff argues that the attorney-client privilege only extends to communications, not underlying facts, and that the deliberative process privilege does not apply.[17] He asks that the Court order Mr. Giesbrecht to appear for a continued deposition and answer questions about the identity of

---

what is reasonable for an attorney with experience comparable to that of [the prevailing party's] lead counsel." *Seward Property, LLC v. Arctic Wolf Marine, Inc.*, Case No. 3:18-cv-00078, 2022 WL 17414964, at *3 (D. Alaska Dec. 5, 2022).

[15] Docket 55 at 3.

[16] Docket 51.

[17] Docket 51 at 6–10.

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order re Pending Motions
Page 7 of 14
Case 1:23-cv-00008-SLG   Document 81   Filed 10/28/24   Page 7 of 14

the author of press release the Borough of Petersburg issued on June 27, 2022, award attorney's fees and costs associated with his motion to compel, and extend the deadline to oppose Defendants' pending summary judgment motion until 30 days after the continued deposition.[18] Defendants respond that Mr. Kerr did not confer in good faith before filing his motion and that Defendants would have withdrawn their objections and scheduled a continued deposition had he done so.[19] They ask that the Court deny the motion and award them fees and expenses incurred in opposing it.[20]

In his motion for a further extension of time at Docket 57, Mr. Kerr indicates that the parties conducted a continued deposition of Mr. Giesbrecht on September 19, 2024, and he identified the author of the press release in question at that time. Therefore, the motion to compel is DENIED as moot. The Court finds neither side is entitled to attorney's fees in connection with this motion, as Plaintiff failed to adequately confer prior to filing the motion and Defendants did not withdraw their objection until after the motion was filed.

---

[18] Docket 51 at 10–11.

[19] Docket 56 at 2, 7–11.

[20] Docket 56 at 11–13.

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order re Pending Motions
Page 8 of 14
Case 1:23-cv-00008-SLG   Document 81   Filed 10/28/24   Page 8 of 14

## V. Mr. Kerr's Motion for Further Extension of Time Pursuant to FRCP 56(d)

Mr. Kerr requests a further extension of time to oppose Defendants' Motion for Partial Summary Judgment re: Qualified Immunity.[21] He contends that, on September 19, 2024, he learned that Borough Attorney Sara Heideman was the author of a press release that he asserts is the source of his defamation and false light claims and that Ms. Heideman is not available for a deposition until October 16, 2024, so an extension until October 30 is appropriate.[22] Defendants oppose such an extension because Mr. Kerr has not shown that information regarding Ms. Heideman's state of mind is relevant to opposing the motion related to qualified immunity and Plaintiff has not acted diligently to pursue this discovery.[23]

As discussed below, the Court is granting Ms. Heideman's motion to quash the subpoena and strike Ms. Heideman from the witness list. Accordingly, Plaintiff's response to the motion for partial summary judgment at Docket 32 shall be filed within **14 days of the date of this order.** Plaintiff's request for additional time to oppose the partial summary judgment motion until after Ms. Heideman has been deposed is DENIED as moot.

---

[21] Docket 57.

[22] Docket 57 at 2.

[23] Docket 72 at 5–9.

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order re Pending Motions
Page 9 of 14
Case 1:23-cv-00008-SLG   Document 81   Filed 10/28/24   Page 9 of 14

## VI. Mr. Kerr's Motion to Extend Discovery Deadline

Mr. Kerr moves the Court to extend fact discovery, which the Court's Scheduling and Planning Order specifies closed on September 27, 2024, for the limited purpose of deposing Sara Heideman.[24] In light of the Court's ruling quashing the deposition of Ms. Heideman, this motion is also DENIED as moot.

## VII. Ms. Heideman's Motion to Strike Borough Attorney Sara Heideman from Witness List and Motion to Quash Subpoena

Ms. Heideman moves the Court to strike her from the witness list and to quash the subpoena for her deposition pursuant to Federal Rule of Civil Procedure 45(d)(3)(A).[25] She maintains that she has no relevant testimony to give other than her attorney-client privileged communications with Borough officials concerning employment matters and attorney work product.[26] Furthermore, she argues that Mr. Kerr has not met the stringent standard to depose opposing counsel.[27] Mr. Kerr insists he is not seeking attorney-client privileged or work product related information and will not ask about confidential communications or work product.[28] Rather, he seeks to question Ms. Heideman about her state of mind while

---

[24] Docket 58.

[25] Docket 62

[26] Docket 62 at 14–19.

[27] Docket 62 at 19–21.

[28] Docket 68 at 2, 9–16.

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order re Pending Motions
Page 10 of 14
Case 1:23-cv-00008-SLG    Document 81    Filed 10/28/24    Page 10 of 14

composing a draft of a Borough press release.[29] Further, he argues that Ms. Heideman is not opposing counsel in this case and, even if she were, her deposition is still appropriate.[30]

The Court agrees with Ms. Heideman that the Borough Attorney's draft media response sent to Defendant Giesbrecht is not relevant to Plaintiff's defamation and false light claim against that Defendant. The motion for partial summary judgment seeks judgment as to "Plaintiff's claims against Manager Giesbrecht for defamation, false light invasion of privacy, and first amendment violation of free speech."[31] The claims assert Defendants made "false statements to the media."[32] It appears undisputed that Defendant Giesbrecht finalized the document that forms the basis of the defamation and false light claims and emailed it to the media. Ms. Heideman did not make the statements to the media at issue here; thus, her mental impressions when preparing a draft of the document that Defendant Giesbrecht ultimately published are not relevant to Plaintiff's claims. And Plaintiff's derivative qualified immunity claim against the Borough can be based only on Defendant Giesbrecht's alleged statements to the media and not on any statement that the Borough Attorney may have made to Defendant Giesbrecht.

---

[29] Docket 68 at 2, 9–16.

[30] Docket 68 at 3–9.

[31] Docket 32-1 at 1–2.

[32] Docket 1-2 at 110.

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order re Pending Motions
Page 11 of 14
Case 1:23-cv-00008-SLG   Document 81   Filed 10/28/24   Page 11 of 14

And even if Ms. Heideman's knowledge of the facts and her mental impressions when she drafted the document are relevant, the Court further agrees with Ms. Heideman's assertions that her knowledge of the facts would necessarily involve communications with her client that fall within protected attorney-client privilege communications and her mental impressions as to the truth or falsity of the facts asserted in her draft statement are protected work product.[33]

For the foregoing reasons, the Motion to Strike Borough Attorney Sara Heideman from Witness List and Motion to Quash Subpoena at Docket 62 are GRANTED.

## VIII. Defendants' Motion to File Overlength Motion for Summary Judgment

Finally, Defendants move for leave to file an overlength motion for summary judgment.[34] They assert that an overlength motion is necessary here because their motion address all of Mr. Kerr's causes of actions and that the claims are complex.[35] Mr. Kerr responds that an overlength brief should not be permitted in this instance due to the "extreme length" of Defendants' motion, which exceeds 90 pages.[36]

---

[33] Docket 70 at 4–5.

[34] Docket 76.

[35] Docket 76 at 1–2.

[36] Docket 78 at 1–2.

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order re Pending Motions
Page 12 of 14
Case 1:23-cv-00008-SLG   Document 81   Filed 10/28/24   Page 12 of 14

Upon review, the Court agrees that the number of claims and their complexity cannot be adequately addressed in a motion that complies with Local Civil Rule 7.4(a). Therefore, Defendants' Motion to File Overlength Motion for Summary Judgment is GRANTED. The motion is accepted as filed at Docket 75.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that:

1. Defendants' Motion for Award of Reasonable Fees Incurred in Filing Motion to Compel Plaintiff's Continued Deposition at Docket 46 is GRANTED IN PART AND DENIED IN PART. The sum of **$5,500.00** shall be paid from Plaintiff to Defendants as a debit or credit in the final judgment entered in this action.

2. Defendants' Motion for Award of Reasonable Fees Incurred in Filing Motion to Compel Plaintiff to Provide Complete Discovery Responses at Docket 48 is GRANTED. The sum of **$3,750.00** shall be paid from Plaintiff to Defendants as a debit or credit in the final judgment entered in this action.

3. Mr. Kerr's Motion for Attorney's Fees and Costs at Docket 49 is GRANTED. The sum of **$6,635.37** shall be paid from Defendants to Plaintiff as a debit or credit in the final judgment entered in this action.

4. Mr. Kerr's Motion to Compel Deposition Answers at Docket 51 is DENIED.

5. Mr. Kerr's Motion for Further Extension of Time Pursuant to FRCP 56(d) at Docket 57 is DENIED. His response to the motion for partial summary judgment at Docket 32 shall be filed within **14 days of the date of this order.**

6. Mr. Kerr's Motion to Extend Discovery Deadline at Docket 58 is DENIED.

7. Ms. Heideman's Motion to Strike Borough Attorney Sara Heideman from Witness List and Motion to Quash Subpoena at Docket 62 is GRANTED.

8. Defendants' Motion to File Overlength Motion for Summary Judgment at Docket 76 is GRANTED. The motion is accepted as filed at Docket 75.

DATED this 28th day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 1:23-cv-00008-SLG, *Kerr v. Borough of Petersburg, et al.*
Order re Pending Motions
Page 14 of 14
Case 1:23-cv-00008-SLG   Document 81   Filed 10/28/24   Page 14 of 14